UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DESIGNS FOR HEALTH, INC.,

    Plaintiff,

vs.                                             Case No. 3:23-cv-634-MMH-LLL

FENGYU ZHAO, et al.,

    Defendants.
_____/

# ORDER

**THIS CAUSE** is before the Court on the Joint Stipulation and Motion for Entry of Final Permanent Injunction Order Against Fengyu Zhao (Doc. 37; Motion), filed on September 19, 2023. In the Motion, the parties request the entry of the proposed Stipulated Final Permanent Injunction Order (Doc. 37-1; Proposed Stipulated Injunction) and represent that Defendant Fengyu Zhao "acknowledges and agrees that he enters into the Permanent Injunction knowingly and willfully and with full understanding of its terms, having reviewed them after due consideration, and with opportunity to have separate legal counsel review its terms." See Motion at 3.

    Significantly, the Proposed Stipulated Injunction invokes Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and enjoins Zhao from engaging in certain conduct. However, upon review, the Court is unable to approve and

enter the Proposed Stipulated Injunction in its current form as it fails to comply with the requirements of Rule 65 of the Federal Rules of Civil Procedure (Rule(s)). As such, the Court will deny the Motion without prejudice to the filing of a renewed motion that incorporates the following revisions.

In the Proposed Stipulated Injunction, paragraph 17a. prohibits Defendant from "[e]ngaging in conduct in violation of the RxDFHend Agreements." See Proposed Stipulated Injunction ¶ 17a. However, Rule 65 directs that every order granting an injunction must "describe in reasonable detail—<u>and not by referring to the complaint or other document</u>—the act or acts restrained or required." See Rule 65(d)(1)(C) (emphasis added). As such, to comply with Rule 65(d)(1)(C), the parties must modify the Proposed Stipulated Injunction to describe in reasonable detail the acts restrained without referring to a separate agreement.

In addition, the Proposed Stipulated Injunction fails to define the term "Qualified Healthcare Providers" as used in paragraph 17(d). The use of this term requires clarification. Moreover, the Court finds this entire paragraph as well as many of the others in this section to be convoluted and difficult to understand. Because the Court must be able to enforce the terms of the injunction, the parties should consider revising these paragraphs to promote clarity. One simple revision would be to change the definition of "Trademarks-in-Suit" set forth in paragraph 12 to include "any colorable imitation thereof"

so that this phrase need not be repeated ad nauseum throughout the remainder of the document. Likewise, the parties should consider whether defining DFH Products to include counterfeit products would obviate the need to repeat "through the use and/or distribution of DFH Products by way of counterfeiting" in nearly every subsection of paragraph 17. Indeed, the syntax of this phrase rarely fits with the sentences to which it is attached.[1]

Last, the Court observes that the Proposed Stipulated Injunction does not specify or otherwise limit its duration. The Court is not inclined to enforce the Proposed Stipulated Injunction in perpetuity. Any revised Proposed Stipulated Injunction must contain a provision limiting the duration of the injunctive relief to a reasonable timeframe as appropriate under the facts of this case.

Accordingly, it is

**ORDERED:**

1. The Joint Stipulation and Motion for Entry of Final Permanent Injunction Order Against Fengyu Zhao (Doc. 37) is **DENIED without prejudice** to filing a renewed motion with a revised Proposed

---

[1] The parties should also compare paragraph 17(h) with subsections (b) and (c). It is unclear what new conduct is prohibited in paragraph (h) that is not already covered by paragraphs (b) and (c).

Stipulated Injunction that complies with the requirements of this Order.

2. The parties shall have up to and including **October 23, 2023**, to file the renewed motion.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of September, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record